KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
David Rutz

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Rutz, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| The Brachfeld Law Group; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, David Rutz, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, David Rutz (hereafter "Plaintiff"), is an adult individual residing in Phoenix, AZ, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, The Brachfeld Law Group (hereafter "Brachfeld"), is a California business entity with an address of  888 Apollo Street, Suite 155, El Segundo, CA 90245-4783, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Brachfeld and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Brachfeld at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.     The Defendants have wrongfully pursued collection against the Plaintiff for a financial obligation (the "Debt") Plaintiff allegedly incurred to Providian Financial (the "Creditor"), when such debt is not Plaintiff's debt.

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Brachfeld for collection, or Brachfeld was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     The Engages in Harassment and Abusive Tactics**

12.    The Debt does not belong to Plaintiff.

3

13.     Plaintiff has notified Brachfeld more than once that the Debt is not his.

14.     Brachfeld has placed daily calls to Plaintiff in an attempt to collect the Debt.

15.     Plaintiff gave Brachfeld his direct cell phone number, and asked Brachfeld to cease and desist calling on the telephone line Brachfeld was calling on, because it is his wife's business line.

16.     Despite Plaintiff's request for Brachfeld not to use his wife's business line, Brachfeld has continued to call his wife's business line on a daily basis.

17.     When Plaintiff inquired about whom the Debt belongs, Brachfeld repeatedly told Plaintiff to consult his credit report. The debt is nowhere to be found on Plaintiff's credit report.

18.     Plaintiff has requested that Brachfeld provide verification of the Debt.

19.     Brachfeld has refused to provide Plaintiff with verification of the Debt. When Plaintiff asked why Brachfeld would not provide verification, Brachfeld responded, "It would take too long."

20.     Brachfeld has failed to send Plaintiff a "30-Day Validation Notice" nor any other statements in writing.

21.     Brachfeld screamed at Plaintiff and used extremely rude and abusive language when speaking with Plaintiff.

22.     Brachfeld refused to provide Plaintiff with the address or fax number where Brachfeld could be reached.

4

23.     Individuals calling from Brachfeld either gave an alias name who Plaintiff was told did not work there during subsequent calls, or refused to disclose their name to Plaintiff altogether.

24.     Brachfeld failed to state the debt collection mini-miranda to Plaintiff on more than one occasion.

25.     Plaintiff most recently informed Brachfeld that he is represented by counsel, and requested that Brachfeld cease calling him directly and to instead communicate only with his attorneys.

26.     Brachfeld has continued placing calls to Plaintiff on his wife's business line despite Plaintiff's request that Brachfeld cease contacting them.

27.     Plaintiff asked Brachfeld whether they are a licensed debt collector in the state of Arizona. Brachfeld replied, "Stop asking stupid questions."

**C.     Plaintiff Suffered Actual Damages**

28.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

29.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

30.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

33.     The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

34.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

35.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

36.     The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

37.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

38.     The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

39.     The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

40.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

41.     The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

42.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

43.     The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

44.     The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

45.   The Defendants continued collection efforts even though the debt had not been verified, in violation of 15 U.S.C. § 1692g(b).

46.   The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

47.   The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

48.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.   The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

50.   Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

51.   The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls and abusive language.

52.   The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a

substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

53.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

54.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

55.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

57.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

58.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

9

59.    As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy an amount to be determined at trial for the Plaintiff;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 8, 2010                    KINDRA DENEAU


                                            By: __/s/  *Kindra Deneau*_____
                                            Kindra Deneau

                                            Attorney for Plaintiff
                                            David Rutz

11